## CHARLES W. EISENMENGER and Another v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 15, 1914.

Nos. 18,456—(67).

**Collision with street car — contributory negligence — evidence.**

> Evidence in an action to· recover damages for injuries received by an automobile truck in a collision with one of defendant's street cars, examined and *held* not such· as to require a finding contrary to that made by the trial court to the effect that contributory negligence on the part of plaintiff's employee in charge of the truck was not established.

Action in the municipal court of St. Paul to recover $116.15. The facts are stated in the opinion. The case was tried before Finehout, J., who made findings and ordered judgment in favor of plaintiff for $91.15. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*W. D. Dwyer,* for appellant.

*Schmidt & Waters,* for respondent.

PHILIP E. BROWN, J.

Action to recover damages. for injuries to an automobile truck alleged to have been caused by a collision with one of defendant's street cars resulting from its negligence. The cause was tried to the court without a jury, findings made for plaintiff, and defendant appealed from an order denying a new trial.·

The accident occurred December 11, 1912, shortly after noon, at the intersection of· Grand and Hamline avenues, in St. Paul. Grand avenue runs east and west, is 80 feet wide, and the distance from the property line to the center of the track on which the accident oc-

[1] Reported in 147 N. W. 430.

Note.—As to the duty of the operator of an automobile when near street cars, see note in 38 L.R.A.(N.S.) 493.

curred is 35 feet. Hamline avenue is 70 feet wide and runs north and south. In approaching Grand from Hamline the westerly view of defendant's track on the former is obstructed by a building extending up to the property line on both streets, and also by a bank of earth to the south thereof. The truck was properly equipped with brakes in good working order, and driven by a competent chauffeur. The latter, while traveling northward in about the center of Hamline, at a speed not exceeding ten miles an hour, collided with the car, which was moving eastward on Grand. The court found, on sufficient evidence, that the car, shortly before reaching the point of collision, was traveling about 15 or 20 miles an hour, slightly slowing down, however, on approaching Hamline.

Defendant's negligence is conceded, and the sole question raised relates to the contributory negligence of plaintiff's employee in charge of the truck. The court, having found this issue against defendant's contention, its determination must stand, unless so manifestly and palpably against the weight of the evidence that a contrary finding was required. Furthermore, this court is not disposed to reverse on the ground of contributory negligence, unless such clearly appears. Schmidt v. Great Northern Ry. Co. 83 Minn. 105, 85 N. W. 935; Jenkins v. Minneapolis & St. L. R. Co. 124 Minn. 368, 145 N. W. 40. G. S. 1913, § 2632, provides that motor vehicles shall be equipped with adequate brakes, sufficient to control them at all times, and further makes it the duty of one operating such a vehicle, upon approaching an intersecting highway where his view is obstructed, to slow down and give a timely signal. Section 2635 prohibits the driving of a motor vehicle at a speed greater than is reasonable and proper, having regard to the traffic of the street. The vehicle in question was a 1,500 pound delivery truck, and could be stopped in half its length when running 10 miles an hour, if the traction was good, and, if bad, in a little over its own length of about 13 feet. The chauffeur was familiar with the locality and the manner in which cars were there operated on defendant's track. He testified that in approaching Grand or Hamline there was a slight rise before reaching the cross-walk, which he approached at reduced speed of not more than 10 miles an hour, at the

same time signalling with his horn, and first noticed the car while he was passing over the cross-walk and just as he was throwing out his clutch to make the rise, the street-car then being not quite up to the west line of Hamline. His speed and steerage-way, however, were not sufficient to avoid the car when he attempted to turn away from it in the same direction, and, when he thereafter made an effort to stop, the wheels of the truck slipped on application of the brakes, and the front corner of the car struck the truck, causing the injury complained of. The surface of the street at the crossing consisted of a mixture of snow and sand, resulting in bad traction.

On this testimony, and notwithstanding it is disputed in material regards, thus making a somewhat close question, we cannot, without being out of accord with the authorities cited, say the court erred in failing to find that the chauffeur violated the statute in any regard, or was negligent in failing sooner to observe the approaching car, or that after he saw the car he failed to take reasonable steps to avoid the collision. The case is unlike Bartroot against this same defendant, supra, page 308.

Order affirmed.